# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLIE TOOMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-039 |
| | ) | |
| MARK RICKETTS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Charlie Toomer, proceeding *pro se* and *in forma pauperis*, brings this Complaint alleging discrimination and retaliation under Title VII of the Civil Rights Act (Title VII) of 1964, 42 U.S.C. § 2000e, *et. seq.*, and the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 621, *et. seq.*, against defendant Mark Ricketts.[1]  Doc. 1.  The Court granted plaintiff's Motion for Leave to proceed *in forma pauperis*

---

[1] Plaintiff alleges that defendant refused to renew his housing lease as a result of his filing of a Complaint with the Equal Employment Opportunity Commission (EEOC). Doc. 1 at 5 and 10.  Claims relating to the denial or loss of housing are often litigated under the Fair Housing Act (FHA).  42 U.S.C. § 3601, *et. seq.*  Plaintiff's Complaint indicates that declining to renew his lease was an act of retaliation for plaintiff's complaint against an adverse employment action, and not a discriminatory housing practice.  Given the lack of any positive implication of the FHA, and despite the perhaps intuitive application of that statute to the alleged harm, the Court will not infer an FHA claim from plaintiff's Complaint.  Plaintiff may amend his Complaint to bring any claim under the FHA if he believes such a claim is warranted.

(IFP). *Id.* at 3. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e).[2]

Plaintiff applied for an advertised apartment manager position with "Telfair Arms."[3] *Id.* at 4. Despite having some experience as an apartment manager, he was not interviewed or hired for the position.[4] *Id.* at 10. After receiving no response to his application, plaintiff sent a letter to defendant alleging discrimination and threatening to file a complaint with "federal investigators." Doc. 1-1 at 2–3. Several weeks

---

[2] Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[3] Plaintiff's original application letter does not specify the name of the property he was applying to manage. Doc. 1-1 at 8. Throughout the Complaint and supporting materials, the property is variously identified as "Nation Church Residences," doc. 1 at 10, "Tel-fair apartments," doc. 1-1 at 1, "Telfair apartment, *id.* at 1, "Telfair Arms Senior Housing Limited Parentship," *id.* at 3, and "Telfair Arms." *Id.* at 4. Based on an internet search, the apartment property is named Telfair Arms Apartments and is managed by National Church Residences. *National Church Residences, Telfair Arms Apartments*, https://www.nationalchurchresidences.org/communities/ga/savannah/telfair-arms. The Court will refer to the property and the entity responsible for its management as "Telfair Arms."

[4] In the exhibits attached to his Complaint, plaintiff alludes to owning rental properties in Rhode Island. The period of this ownership is unclear; one exhibit, indicates that he owned the properties between 1975 and 1986, doc. 1-1 at 1, while another indicates ownership between 1978 and 1987, *id.* at 6. Still, his original application letter quantifies his time as an apartment owner and manager as seven years. *Id.* at 8. Plaintiff's other professional experience seems to involve the sale of furniture and automobiles between 1989 and 2017. *Id.* at 6–7.

later, an attorney, acting on behalf of "Telfair Arms," notified plaintiff by letter that his lease would not be renewed. Docs. 1 at 10 & 1-1 at 3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunities Commission (EEOC). Doc. 1-1 at 4. As a result of defendant's decision to not renew his lease, plaintiff claims he was forced to place his belongings into storage and incur costs related to vacating his apartment. Doc. 1 at 10. Plaintiff also claims that he is currently homeless. *Id.* at 5.

## ANALYSIS

### I. Exhaustion of Administrative Remedies and Proper Defendant

Plaintiff has not demonstrated that he exhausted all administrative remedies as required by Title VII and the ADEA before bringing this claim. 42 U.S.C. § 2000e-5(1); 29 U.S.C. § 6269(d)(2), *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004); *Fareed v. U.S. Sec. Ass., Inc.*, 2012 WL 1939731 (N.D.Ga. May 29, 2012). Exhaustion requires filing a charge of discrimination with the EEOC and receiving statutory notice from the agency of the right to sue. 42 U.S.C. § 2000(e)-5(f)(1); *see Forehand v. Fla. St. Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) ("Before instituting a Title VII action in

federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."); *Bost*, 372 F.3d at 1238 ("The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit."). Plaintiff has neither provided a right-to-sue letter from the EEOC[5] nor alleged that the administrative process has been completed. *See Burnett v. City of Jacksonville, Fla.*, 376 F. App'x 905, 907–908 (11th Cir. 2010) (a plaintiff must allege the exhaustion of administrative remedies in their complaint). As such, plaintiff must amend his Complaint to allege whether he has exhausted his administrative remedies. This may be accomplished either by alleging he received a right to sue letter, or by simply attaching a copy of that letter.

---

[5] The receipt of a right-to-sue letter is a "statutory precondition" to filing a civil suit under Title VII. *Forehand v. Fla. St. Hosp.*, 89 F.3d 1562, 1569–70 (11th Cir. 1996). The requirement is "subject to equitable modification," and, under some circumstances, can be excused if the equities of the case so warrant. *Id.* Though not a jurisdictional requirement, receipt of a right-to-sue-letter is a condition precedent to filing a claim with the Court. *Pinkard v. Pullman-Stand.*, 678 F.2d 1211, 1215 (5th Cir. 1982). Unlike Title VII, the ADEA does not require a plaintiff to receive a right-to-sue letter before commencing suit. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 (11th Cir. 1996).

Likewise, plaintiff has not filed suit against a proper party.  He has identified Mark Ricketts, in his individual capacity, as defendant.  Doc. 1 at 1.  However, individual employees are not proper defendants under either Title VII or the AEDA as "[t]he relief granted . . . is against the employer, not the individual employees whose actions would constitute a violation of the Act."  *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1993) (citing *Clanton v. Orleans Parish School Bd.*, 649 F.2d 1084, 1099, n. 19 (5th Cir. 1981)) (dismissing claims against city employees and noting that the proper defendant was the city); *see also*, *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (extending Title VII preclusion of individual liability to the ADEA).  Additionally, the Eleventh Circuit has held that a civil suit cannot be brought against a party not named in the prior EEOC charge.  *Bell v. Crackin Good Bakers, Inc.*, 777 F.2d 1497, 1504 (11th Cir. 1985).  If plaintiff does not know the identity of the proper defendant, he may allege his claim against a "John Doe Company," and provide as much information as he has (*i.e.*, identifying the name under which the company does business or identifying the property at issue may be sufficient). *See Bowens v. Superintendent of Miami South Beach Police Dep't*, 557 F. App'x 857, 862

(11th Cir. 2014) (*per curiam*) ("[A] claim may be maintained against unnamed defendants where allegations in the complaint make clear the plaintiff could uncover the names through discovery."). If any of his claims merit service, he will have the opportunity to substitute the proper defendant after an opportunity for discovery.

## II.   Unlawful Discrimination

Even if plaintiff had exhausted his administrative remedies and had sued a proper party, his complaint still fails to state a claim.  Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1).  The ADEA similarly prohibits an employer from failing to hire, discharging, or otherwise discriminating on the basis of age against an individual who is at least 40 years of age.  29 U.S.C. § 623(a)(1).  A plaintiff carries the initial burden of proffering evidence adequate to support an inference of a discriminatory employment practice. *McDonnell Douglas Corp. v. Green*,

411 U.S. 792, 802 (1973). Absent direct evidence[6] of discrimination, failure-to-hire claims under both acts must allege that (1) plaintiff is a member of a protected class; (2) they were qualified for the position; (3) they were rejected for the position; and (4) an individual outside of plaintiff's protected class was hired. *Id.*; *Suarez v. Sch Bd. Hillborough Cty., Fla.*, 638 F. App'x 897, 899 (11th Cir. 2016).

Plaintiff's Complaint fails to state a claim upon which relief might be granted. Though plaintiff alleges membership in a protected class[7] and a possible adverse employment action, he does not adequately allege that he was qualified for the position. A plaintiff cannot rely on conclusory statements of their general qualifications, rather they must

---

[6] Direct evidence of discrimination is that "which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (internal quotations and citations omitted). It is such that, "if believed, proves [the] existence of [a] fact without inference or presumption." *Id.* (citing *Burrell v. Bd. of Trs. Of Ga. Military Coll.*, 125 F.3d 1390, 1393 (11th Cir. 1997). The Eleventh Circuit has held that "only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Id.* (internal quotations and citations omitted).

[7] Plaintiff identifies himself as African-American. Doc. 1 at 3 & 9. Race is recognized as a protected class under Title VII. 42 U.S.C. § 2000e-2(a)(1). Plaintiff fails to expressly provide his age in his Complaint, however, his attached EEOC complaint lists his age as 71 years. Doc. 1-1 at 4. Liberally construed, his Complain adequately alleges he is older the 40 years and qualifies for protection under the ADEA. 29 U.S.C. § 623(a)(1).

allege with sufficient support that they are qualified for the specific position to which they applied. *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x. 802, 811 (11th Cir. 2015) (finding that an applicant's allegation that he was a medical school graduate with research and clinical experience was not sufficient under Title VII to demonstrate that he was qualified for a specific residency position). In order to sufficiently plead his qualification, the Complaint must include allegations concerning the requirements and responsibilities (from, for example, the advertisement for the position) for the specific position of apartment manager with "Telfair Arms." *See Trask v. Sec., Dept. of Veterans Affairs*, 822 F.3d 1179 (11th Cir. 2016) (a Title VII or ADEA plaintiff in a failure-to-hire claim must make *prima facie* showing that she satisfied the employer's objective qualifications). Likewise, to demonstrate discrimination, plaintiff must plead that he was treated differently than an individual outside of his protected class who is otherwise "similarly situated in all material respects." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1217, 1218 (11th Cir. 2019). Here, the plaintiff fails to allege that the position was ultimately filled by a person outside his protected class.

## III.    Retaliation

In addition to his failure-to-hire claim, plaintiff also alleges that defendant, who was also his landlord, retaliated against him for his filing of the EEOC complaint by declining to renew his lease.  Doc. 1 at 10. Title VII makes it unlawful for "an employer to discriminate against any of his employees or applicants for employment . . . because [the employee or applicant] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  The ADEA adopts nearly identical language in its prohibition of retaliatory actions. 29 U.S.C. § 623(d).  Retaliation claims under both Title VII and the ADEA require a showing that (1) plaintiff was engaged in a protected activity, (2) plaintiff was subjected to an adverse action, and (3) there exists a causal link between the protected act and the adverse employment action.  *See Shannon v. BellSouth Telecomms.*, 292 F.3d 712, 715 (11th Cir. 2002) (discussing the elements of a retaliation claim under Title VII);

*Stone v. Geico Gen. Ins. Co.*, 279 F. App'x 821, 822 (2008) (discussing the elements of a retaliation claim under the ADEA).

Filing a Charge of Discrimination with the EEOC is a protected act under Title VII and the ADEA. *See Weeks v. Harded Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (finding that the timely filing of a charge with the EEOC was statutorily protected expression under Title VII and the ADEA so long as the employee "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." (quoting *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). Plaintiff also alleges that he suffered an adverse action when his lease was not renewed. Although Title VII and the ADEA often involve adverse actions taken in the context of the plaintiff's employment (*i.e.*, firing, demotion, or punitive work assignments), both the courts and EEOC have broadly interpreted adverse actions to include those that are not specifically related to the normal confines of the workplace. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 61–67 (2006) (analyzing the language of the anti-discrimination and anti-retaliation provisions of Title VII and finding that anti-retaliation is "not limited to discriminatory actions that affect the terms and conditions of

employment.”); *see also*, *Rochon v. Gonzales*, 438 F.3d 1211, 1213 (D.D.C. 2006) (refusal of Federal Bureau of Investigation to investigate death threats made by a federal prisoner against an agent and his wife was actionable as retaliation); *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 347–48 (6th Cir. 2008) (setting fire to employee's car and threatening violence was actionable as retaliation); *Aviles v. Cornell Forge Co.*, 183 F.3d 598, 604 (7th Cir. 1999) (falsely telling police that employee had a gun and had threatened to shoot supervisor, resulting in police injuring employee so severely he was unable to work for six weeks, was actionable as retaliation); *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 984, 986 (10th Cir. 1996) (filing false criminal charges was actionable as retaliation). Similarly, the EEOC's Enforcement Guidelines on Retaliation and Related Issues[8] state "[a] materially adverse action may also be an action that has no tangible effect on employment, or even an action that takes place exclusively outside of work, as long as it might

---

[8] Enforcement Guidelines are not binding on the Court but are considered persuasive authority. *See Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000) (finding that statements of agency opinions—such as opinion letters, policy statements, agency manuals, and enforcement guidelines—are not entitled to *Chevron* deference, but are entitled to respect to the extent that they have the power to persuade. (internal quotations and citations omitted)).

well dissuade a reasonable person from engaging in protected activity." U.S. Equal Opportunity Comm'n, Guidelines on Retaliation and Related Issues 35 (Aug. 25, 2016). The loss of a residence undoubtedly disrupts an individual's life and could deter challenging allegedly unlawful actions.

It is unclear, however, if plaintiff's EEOC complaint prompted defendant's decision not to renew plaintiff's lease. To establish retaliation, a plaintiff must allege a causal link between the protected activity and the adverse action sufficient to show that they were not wholly unrelated. *See Simmons v. Camden Cty. Bd. of Ed.*, 757 F.2d 1187, 1189 (11th Cir. 1985) (holding that the connection between a protected act and adverse employment action need not be alleged by direct evidence, but, rather, only be alleged to be "not wholly unrelated"); *Bonham v. Regions Mortg., Inc.*, 129 F. Supp. 2d 1315, 1327 (N.D. Ala. 2001) (adopting the Eleventh Circuit's "causal link" interpretation for both Title VII and the ADEA). At a minimum, a plaintiff must demonstrate that the employer was aware of the protected activity before taking the adverse action. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1165 (11th Cir. 1993) ("a plaintiff must generally establish that the

employer was actually aware of the protected expression at the time it took adverse employment action"). Though the Complaint is not clear as to when defendant became aware of the EEOC filing, it is sufficient that defendant was on notice of the potential for such filing, based on plaintiff's letter of August 21, 2018, in advance of the decision to not renew. *See Goldsmith*, 996 F.2d (finding unlawful retaliation in response to an employee's threat to file a discrimination suit with the EEOC).

## CONCLUSION

Although plaintiff does not state a viable claim as to discrimination or retaliation, and has failed both to allege claims against a proper party and to allege that he has exhausted administrative remedies, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Banks v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306,

2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016).  As such, plaintiff is

**DIRECTED** to file an amended complaint within 30 days from the date

of this Order completely and succinctly laying out the elements of his

claims and all factual support thereto.  Plaintiff is advised that his

amended complaint will supersede the original complaint and therefore

must be complete in itself.[9]  Plaintiff is cautioned that failure to comply

with this Order within the prescribed time, or to notify the Court of a

change in address, will result in a recommendation of dismissal.

SO ORDERED, this 29th day of August, 2019.


_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[9] *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").